# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 13-125 |
| ) | Judge Nora Barry Fischer |
| ERIC EWELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

AND NOW, this 20th day of August, 2013, upon consideration of Defendant Eric Ewell's Motion for Review of Detention Order (Docket No. [136]), the Government's Opposition thereto (Docket No. [183]) and after conducting a *de novo* review of the detention order issued by United States Magistrate Judge Robert C. Mitchell on July 1, 2013, (Docket No. [132]), including a review of the evidence presented to Magistrate Judge Mitchell during the detention hearing held on June 27, 2013, consisting of the Bond Report prepared by Pretrial Services, the Affidavit in Support of Application for Seizure Warrant by Jamie L. Bandzak, Special Agent, IRS-CI dated May 7, 2013 (Docket No. 183-1), the line sheets of intercepted telephone communications (Docket No. 183-2), the supporting letters submitted on Defendant's behalf, (Docket No. 136-1), and the transcript of the proceedings before Magistrate Judge Mitchell on June 27, 2013, (Docket No. [133]), during which the Government presented the testimony of Special Agent Bandzak and Pretrial Services Officer Jessica Beebe and Defense counsel presented the cited supporting letters and proffered certain facts supporting Defendant's request for bond,

IT IS HEREBY ORDERED that Defendant's Motion [136] is DENIED. In so holding, the Court makes the following findings:

1

1. Defendant's request for an evidentiary hearing before this Court is denied because the evidentiary record as to the issue of pretrial detention was fully developed before Magistrate Judge Mitchell, *see United States v. Delker*, 757 F.2d 1390 (3d Cir. 1985), and "[t]his court may make its independent determination" on the issue of pretrial detention "based solely upon the evidence introduced at the prior hearing." *United States v. Burgess*, 2008 WL 2038148 at *2 (W.D. Pa. Jul. 8, 2009) (McVerry, J.) (quoting *United States v. Farris*, 2008 WL 1944141, at * 7 (W.D. Pa. 2008)). In addition, Defendant has not proffered any additional facts in his current Motion which were not presented to Magistrate Judge Mitchell and would support his requested release on bond such that a hearing is necessary to permit the introduction of any such new evidence. (*See* Docket Nos. 133, 136).

2. This Court agrees with Magistrate Judge Mitchell's determination that there is probable cause to believe that the defendant has committed the offense charged in the Indictment, i.e., conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin from in and around January 2011 to in or around June 2012, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i) and in violation of 21 U.S.C. § 846, (Docket No. 1), based on the grand jury's return of same. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) ("an indictment is a sufficient substitute for a preliminary hearing to establish probable cause."); *see also United States v. Gibson*, 481 F. Supp. 2d 419, 422 (W.D. Pa. 2007) (citing *Suppa*). The statutory minimum and maximum penalties for such offense include a sentence of not less than ten years' imprisonment and up to a term of life

imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(i). Therefore, pursuant to 18 U.S.C. § 3142(e)(3), a rebuttable presumption has been established that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3).

3. The Court further agrees with Magistrate Judge Mitchell's conclusion that the evidence presented by Defendant was insufficient to meet his burden to rebut the applicable presumption that no conditions will reasonably assure the defendant's appearance and the safety of the community. *See United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (to rebut the presumption "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community."). In addition, this Court concludes that even if Defendant had met his evidentiary burden to rebut the applicable presumption, the Government has presented clear and convincing evidence that pretrial detention was and is appropriately ordered in this case. *See United States v. Gibson*, 481 F. Supp. 2d 419 (W.D. Pa. 2007) (quoting 18 U.S.C. § 3142(f)) ("If the presumption is rebutted, the facts employed to support detention must 'be supported by clear and convincing evidence.'"). In reaching these decisions, the Court has conducted an independent examination of the record evidence and balanced the four factors set forth under 18 U.S.C. § 3142(g), i.e.,

    a. The nature and circumstances of the offense charged;

    b. The weight of the evidence against the person;

    c. The history and characteristics of the person; and,

d. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

This Court finds that, on balance, the evidence presented at the detention hearing favors the Government on each of these cited factors

4. First, Defendant has been indicted for a very serious drug trafficking offense involving a conspiracy to distribute and possess with intent to distribute a significant quantity of heroin.[1] (Docket Nos. 1, 141). He faces very severe penalties if convicted, including a mandatory minimum sentence of ten (10) years and up to life imprisonment.[2] *See* 21 U.S.C. § 841(b)(1)(A)(i). As such, this factor weighs against Defendant.

5. Second, the evidence presented by the Government at the detention hearing, including the testimony of Special Agent Bandzak, his Affidavit and the line sheets of the intercepted communications, appears to be strong. (Docket No. 133, 183-1, 183-2). To this end, Special Agent Bandzak testified that law enforcement learned through its investigation and reports from a confidential informant that Defendant Ewell was one of the leaders of the instant heroin trafficking organization, pursuant to which he is alleged to have conspired with a number of individuals to distribute more

---

[1] The Court notes that subsequent to the initial detention hearing, a Superseding Indictment has been filed in this case charging Defendant with conspiracy to possess and distribute and to distribute more than one kilogram of heroin and alleging that he violated the same statutory provisions and which subjects him to the same potential penalties. (*See* Docket No. 141). The only substantive changes in the Superseding Indictment are that it adds charges against defendants who were not previously charged (Frank Currington and Tyrell Herbert) and extends the length of the heroin conspiracy to include the period from January 2011 to in and around May 2013. (*Id.*).

[2] The Court recognizes the Government's assertion that Defendant may face a more significant mandatory minimum sentence based on his prior criminal convictions for drug trafficking offenses. However, to this point, the Government has not filed a 851 Information against Defendant setting forth those convictions as a basis for increased punishment in this case.

than one (1) kilogram of heroin in the Pittsburgh area. (Docket No. 133 at 7 (CS1 advised that "Eric Ewell and William Fielder were two of the top ranking members of [the drug trafficking] organization")). The investigation resulted in seizures of hundreds of thousands of dollars and significant quantities of heroin in excess of the charged amount. (*Id.* at 6-9). Further, the intercepted communications presented at the detention hearing and highlighted by the Government in its opposition Brief show that Defendant Ewell was in active contact with the alleged co-conspirators about illegal drug trafficking and the collection of drug proceeds during the conspiracy. (*See* Docket Nos. 133, 183, 183-2). The evidence further shows that Defendant made repeated trips to and from his home in North Carolina to the Pittsburgh area which corresponded to the timing of major drug distribution activities of the heroin organization. (Docket No. 133). On one such trip, he was contacted by a co-defendant who was tasked with transporting large quantities of heroin but had been detained by police and was asked by this individual to recover heroin from another location and to collect drug proceeds in order to bail him out of jail. (Docket No. 133 at 15-17). In other communications, it appears that Defendant encouraged others to bail out another of his co-defendants from jail so as to prevent this individual from providing information to law enforcement about his own drug distribution activities. (*Id.* at 18-20). Defendant also had minimal employment in North Carolina but large quantities of cash and expensive vehicles, indicating that he may have obtained same through illegal means. (Docket No. 133 at 10-14; Bond Report). All told, while recognizing that Defendant is presumed innocent of the charged offense, the weight of

the evidence presented by the Government to this point against Defendant is strong and favors pretrial detention.

6. Third, with respect to his history and characteristics, Defendant has presented character letters from friends and family both in the Pittsburgh area and near his home in Charlotte, North Carolina supporting his request for release on bond. (Docket No. 136-1). His counsel also proffered additional supporting facts at the hearing, without objection from the Government. (Docket No. 133). This evidence shows that Defendant had some employment in North Carolina to which he may be able to return, if released. (Docket No. 136-1). He and his girlfriend, Shayla Hawkins, also recently had a baby and the letters and his counsel's proffer at the hearing show that Defendant has a strong desire to return to North Carolina to live with and support them both going forward. (*Id.*). Given same, Defendant has presented "some evidence" of the potential for him to return to stable law-abiding life in North Carolina. *See Carbone*, 793 F.2d at 560. However, he has a number of prior convictions for drug trafficking offenses and committed crimes while on bond in those prior cases. (*See* Docket No. 133 at 12-15; *Bond Report*). As is noted above, the Government has also presented strong evidence that Defendant was engaged in the instant criminal conspiracy while residing in the same area where he now seeks to be released on electronic monitoring. (Docket No. 133). Accordingly, this factor also weighs in favor of the Government.

7. The evidence as to the fourth and final factor likewise favors pretrial detention in this case. *See* 18 U.S.C. § 3142(g)(4). To this end, the Court finds in that there is

some risk that Defendant will not appear due to his minimal employment and the evidence presented that he has considerable amounts of cash available to him. (Docket No. 133 at 10-14; *Bond Report*). The potential for flight from prosecution is now greater as he has been charged with such a serious offense and faces very severe penalties, if convicted. (Docket Nos. 1, 141). Defendant also proposes that he live outside this Court's jurisdiction in North Carolina, making his appearances in this District for court proceedings somewhat more difficult than an individual who is released within the District. These facts are not overwhelming but slightly favor detention. In any event, the Court's greater concern is that the evidence presented by the Government establishes that that there is a serious risk that Defendant will continue to traffic in illegal narcotics if released, which poses a serious danger to the communities in both Charlotte, North Carolina and the Pittsburgh area. *See United States v. Gibson*, 481 F. Supp. 2d 419, 423 (W.D. Pa. 2007) ("violence is not the only danger to the community this court must consider. The court must also consider the danger of trafficking in illicit drugs."). As noted, Defendant has a number of prior convictions for trafficking narcotics and has served prior sentences of incarceration for such offenses. (*See* Docket No. 133 at 12-15; *Bond Report*). Despite his previous interactions with the criminal justice system, the Government believes that he is the leader of a heroin trafficking organization which distributed heroin throughout the Pittsburgh area and that he successfully operated same remotely from North Carolina with frequent trips between those two locations.

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion is DENIED;

IT IS FURTHER ORDERED that Defendant shall remain detained in the custody of the Attorney General or a designated represented in confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal;

IT IS FURTHER ORDERED that Defendant must be afforded a reasonable opportunity to consult privately with defense counsel; and

FINALLY, IT IS ORDERED that on order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All Counsel of Record

Eric Ewell (USMS # 28262058) c/o Paul Boas, Esquire

Pretrial Services/Probation Office

U.S. Marshal